UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

MICHAEL P. DONOVAN, as he is ADMINISTRATOR,  )
LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN;  )
ELECTRICAL WORKERS' PENSION FUND, LOCAL 103,  )
I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME  )
FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP  )
AND TRAINING FUND; and LAWRENCE J. BRADLEY,  )   CIVIL ACTION
as he is EXECUTIVE SECRETARY-TREASURER,  )   NO.
NATIONAL ELECTRICAL BENEFIT FUND,  )
      Plaintiffs,  )
        )
      v.  )
        )
AMPS ELECTRIC, INC.,  )
      Defendant.  )
_____

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29

U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit

contributions and pay interest due to the plans under the terms of a collective bargaining

agreement and the plans.

## JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the

citizenship of the parties.

## PARTIES

3.      Plaintiff Michael P. Donovan is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan").  The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4.      Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund").  The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5.      Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund").  The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6.      Plaintiff Michael P. Donovan is also the Administrator of the Joint Apprenticeship and Training Fund ("JATC").  The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7.      Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund").  The National Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8.      The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as the "Funds."  The Funds are authorized to act as agent for purposes of collecting contributions owed to the Electrical Industry Labor Management Cooperation Trust, the National Electrical Industry Fund, and the Administrative Maintenance Fund, which contributions are detailed in the Local 103 collective bargaining agreement.

9.      Defendant Amps Electric, Inc. ("Amps") is a Massachusetts corporation with a principal place of business at 86 West St., Waltham, MA 02451 and has a registered agent for service of process, John J. Bianchi, 86 West St., Waltham, MA 02451.  Amps is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

**FACTS**

10.      On or about September 28, 2018, Amps signed a Letter of Assent authorizing the Boston Chapter, of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between NECA and the International Brotherhood of Electrical Workers Local 103 ("Union").  A copy of Amps's Letter of Assent is attached hereto as Exhibit A.

11.      Amps has been a party to successive collective bargaining agreements, including the agreement which is in effect from September 1, 2019 through August 31, 2023, attached hereto as Exhibit B ("Agreement").

12.     The Agreement requires signatory employers such as Amps to make contributions to the Funds for each hour worked by covered employees.  The Agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked.

13.     The Agreement further specifies that these amounts are to be paid by the 15th day of the subsequent month.

14.     Section 6.38(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the 15th day of the month the payment is due.  The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.  A separate interest fee is charged for late payments to the Deferred Income Fund made after the close of that Fund's fiscal year ending November 30.

15.     Signatory employers such as Amps are obligated to submit remittance reports on a monthly basis, in which they list the hours worked by their employees and calculate the amount of benefit contributions and wage deductions owed for all work performed by their employees in that month.  Employers are also required to submit to periodic audits of their books and records to verify the accuracy of their remittance reports.

16.     Amps became delinquent in payment of benefit contributions and wage deductions from May 1, 2021 through July 16, 2021.  The Funds were able to collect principal benefit contributions in the amount of over $1.5 million from mechanic's liens and other third party payments.

17.     Amps continues to owe the Funds $160,752.37, consisting of $4,464.81 in principal benefit contributions, $90,650.15 in accrued interest on late-paid contributions, $16,994.40 in interest charges for late payments to the Deferred Income Fund, and $48,643.01

in legal fees and costs of collection.  Amps also owes continuing interest at the rate of 1.5% per month, continuing legal fees and costs, and statutory liquidated damages.

18.     A formal demand has been made upon Amps for payment of the outstanding amounts.  Attached as <u>Exhibit C</u> is the demand with an email delivery receipt dated June 17, 2022.

19.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT I - VIOLATION OF ERISA

20.     Plaintiffs incorporate by reference paragraphs 1 through 19 above.

21.     Absent an order from this Court, Defendant Amps will continue to fail and refuse to pay the contributions it owes to the Plaintiff Funds, and the Funds and their participants will be irreparably damaged.

22.     The failure of Defendant Amps to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

### COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

23.     Plaintiffs incorporate by reference paragraphs 1 through 22 above.

24.     The Agreement is a contract within the meaning of §301 of the LMRA.

25.     The failure of Defendant Amps to pay all contributions and interest owed on behalf of its covered employees violates the terms of the Agreement.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court grant the following relief:

      a.      Enter judgment in favor of the Plaintiff Funds on Count I against Defendant Amps Electric, Inc. for all benefit contributions owed through the present, together with all amounts as determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest, statutory liquidated damages, and legal fees and costs of collection, pursuant to 29 U.S.C. §1132(g)(2);

      b.      Enter judgment in favor of the Plaintiff Funds on Count II against Defendant Amps Electric, Inc. for all benefit contributions owed through the present, plus interest, legal fees and costs, and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

      c.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

MICHAEL P. DONOVAN, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

By their attorney,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO # 547188
Law Office of Kathryn S. Shea
108 Trowbridge St. Third Fl.
Cambridge, MA 02138
617-851-4350
kate@kateshealaw.com

Dated: June 24, 2022

## **VERIFICATION**

I, Michael P. Donovan, Funds Administrator for the Local 103, I.B.E.W. Health Benefit Plan, *et al.*, verify that I have read the above Complaint, and the statements set forth therein are true and accurate except for those statements made on information and belief as to which I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 24th DAY OF JUNE, 2022.

/s/ Michael P. Donovan
Michael P. Donovan
Funds Administrator