UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL P. DONOVAN, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP AND TRAINING FUND; and LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER,<br>        Plaintiffs,<br><br>        v.<br><br>AMPS ELECTRIC, INC.,<br><br>        Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 22-cv-10989-ADB |

**MEMORANDUM AND ORDER ON MOTION FOR DEFAULT JUDGMENT**

BURROUGHS, D.J.

Currently before the court is Plaintiffs' Motion for a Default Judgment against Defendant, [ECF No. 11], which is supported by a Memorandum of Law, [ECF No. 14], and the affidavits of Michael P. Donovan, [ECF No. 12], and Kathryn S. Shea, [ECF No. 13]. For the following reasons, the motion is GRANTED in part and DENIED in part.

**I.    PROCEDURAL BACKGROUND**

Plaintiff Michael P. Donovan ("Donovan") is the Administrator of several multi-employer welfare benefits and pension plans: (1) the Local 103, I.B.E.W. Health Benefit Plan; (2) the Electrical Workers' Pension Fund, Local 103, I.B.E.W.; (3) the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W.; and (4) the Joint Apprenticeship and Training Fund. [ECF No. 1 ("Compl.") ¶¶ 3–6]. Plaintiff Lawrence J. Bradley ("Bradley") is the

Executive Secretary-Treasurer of (5) the National Electrical Benefit Fund. [Id. ¶ 7] (collectively the "Plans"). Bradley and Donovan, on behalf of the Plans, filed this civil action against Defendant, Amps Electric, Inc. ("Amps"), on June 24, 2022, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, [Compl. ¶ 1], alleging that Amps failed to make required contributions to the Plans in violation of its collective bargaining agreement and seeking a judgment in the amount of $164,979.71 including: (1) $4,464.81 in unpaid benefit contributions; (2) $787.59 in pre-judgment interest on unpaid contributions; (3) $90,650.15 in past-due interest on unpaid benefit contributions; (4) $16,994.40 in late charges for late payments to the Deferred Income Fund; (5) $51,295.17 in attorneys' fees and costs; (6) $787.59 in liquidated damages. [ECF No. 11 at 1].

On June 30, 2022, with the permission of the Court, [ECF No. 6], Plaintiffs served Amps by e-mail and filed an Affidavit of Service, [ECF No. 7], and a delivery receipt, [ECF No. 7-1]. On July 25, 2022, the clerk of the Court entered a default against Amps. [ECF No. 9]. On August 10, 2022, Plaintiffs filed the instant motion. [ECF No. 11].

**II.     FACTUAL BACKGROUND**

Amps is "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability," because it defaulted. In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)).

In September 2018, Amps signed a Letter of Assent authorizing the Boston Chapter of the National Electrical Contractors Association ("NECA") to be its collective bargaining representative for matters related to issues addressed in subsequent collective bargaining

agreements between NECA and the International Brotherhood of Electrical Workers Local 103. [Compl. ¶ 10; ECF No. 1-2]. Amps is a party to the current collective bargaining agreement (the "CBA"), in effect from September 1, 2019, through August 31, 2023. [Compl. ¶ 11; ECF No. 1-3].

The CBA requires Amps to make contributions to the Plans for each hour worked by the 15th day of the subsequent month. [Compl. ¶¶ 12–13]. The Trustees of the Plans impose fees for late payments, and the Deferred Income Fund charges an additional fee for late payments made after the close of its fiscal year. [Id. ¶ 14]. Amps was delinquent in payment from May 1, 2021 through July 16, 2021. [Id. ¶ 16]. On June 17, 2022, Plaintiffs made a formal demand for payment of the outstanding balance, [Compl. ¶ 18; ECF No. 1-4], but, to date, Amps has not paid the outstanding balance, [Compl. ¶ 17].

### III.  DISCUSSION

The Court "has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties" before entering a default judgment. Plasterers' and Cement Masons' Local 40 Pension Fund v. Cap. Curbing Corp., No. 09-cv-0236, 2010 WL 1424722, at *2 (D.R.I. Mar. 12, 2010), aff'd and adopted, 2010 WL 1376293 (D.R.I. Apr. 6, 2010). As Plaintiffs correctly point out, this Court has exclusive jurisdiction over Plaintiffs' claims under ERISA, 29 U.S.C. § 1132(a), (e), (f) and concurrent jurisdiction under the LMRA. 29 U.S.C. § 185(a), (c). This Court also has personal jurisdiction over Amps as it is a Massachusetts corporation headquartered in Waltham, Massachusetts. [ECF No. 1-2].

Although Plaintiffs moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), this motion is more correctly evaluated under Rule 55(b)(2). Fed. R. Civ. P. 55(b)(1) provides:

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, Rule 55(b)(2) controls because Plaintiffs' request for attorneys' fees "prevents the clerk from entering a judgment under Rule 55(b)(1)," as the reasonableness of attorneys' fees requires judicial review. Int'l Union of Operating Engineers, Local 4 v. Stanley Excavation, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) (quoting 10A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice & Procedure § 2683 (1998)). Further, "[i]f the plaintiff is seeking both a sum certain . . . and damages that require a judicial determination under Rule 55(b)(2), the entire matter, including the sum certain, must be determined under Rule 55(b)(2)." Id. (citing Conetta v. Nat'l Hair Care Ctrs., Inc., 186 F.R.D. 262, 268 (D.R.I. 1999)).

### A.   Damages

Regarding damages, Fed. R. Civ. P. 55(b)(2) provides that the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." A hearing, however, is not required, particularly where the pleadings and the moving party's affidavits establish the amount of the default judgment. See In re The Home Restaurants, Inc., 285 F.3d at 114–15 (holding that district court did not abuse its discretion by entering default judgment without first holding evidentiary hearing where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default judgment).

Here, Plaintiffs adequately allege in their Complaint that Amps was obligated to make contributions to the Plans and failed to pay both the required contributions and the mandated liquidated damages, as required by the CBA. [Compl. at 4]. In support of their allegations, Plaintiffs have provided a Letter of Assent, the CBA, and a Demand Letter. See [ECF Nos. 1-2, 1-3, 1-4]. Additionally, the Fund Administrator has submitted an affidavit attesting to the amounts owed in each category of outstanding payments. [ECF No. 12].

With respect to unpaid benefit contributions, pre-judgment interest, past-due interest on unpaid benefit contributions, late charges for late payments, and liquidated damages, this Court finds that Plaintiffs are entitled to judgment on their claim in the amount of $113,684.54.

### B. Attorneys' Fees

Plaintiffs also ask that the Court award $51,295.17 for costs and attorneys' fees incurred in prosecuting this action. [ECF No. 11 at 1; ECF No. 14 at 4]. To support their request, Plaintiffs submitted Exhibit A, Contemporaneous Time Records (the "Records"), [ECF No. 13-1], with the Affidavit of Kathryn S. Shea, [ECF No. 13]. Although Plaintiffs are entitled to reasonable costs and attorneys' fees, the records Plaintiffs submitted in support of their request for attorneys' fees and costs appear to include time entries that are unrelated to the instant matter. For example, the Records include entries that appear related to proceedings in state court, [ECF No. 13-1 at 12], to a bankruptcy, [id. at 13, 16–17], and to a criminal case, [id. at 18, 22]. Even assuming that these entries relate to matters involving the same Plans, these entries seem tangential to the instant matter, resulting in a request for a greater sum of attorneys' fees and costs than warranted for the work that should have been necessary for this discrete action.

Accordingly, Plaintiffs' request for costs and attorneys' fees is denied without prejudice. Plaintiffs may refile a renewed motion for costs and attorneys' fees provided that it

does not include costs and fees accrued through work on unrelated matters. Alternatively, Plaintiffs may refile with sufficient support to show that the records in question do in fact relate to the instant matter.

## IV.     CONCLUSION

For the above reasons, Plaintiffs' Motion for Default Judgment against Amps, [ECF No. 11], is <u>GRANTED</u> in part and <u>DENIED</u> in part. The Court will enter judgment against Amps in an amount of $113,684.54, which consists of:

(1) $4,464.81 in unpaid benefit contributions;
(2) $787.59 in pre-judgment interest;
(3) $90,650.15 in past-due interest on unpaid benefit contributions;
(4) $16,994.40 in late charges for late payments to the Deferred Income Fund; and
(5) $787.59 in liquidated damages.

Plaintiffs are granted leave to file a renewed motion requesting costs and attorneys' fees.

**SO ORDERED.**

November 2, 2022                                         /s/ Allison D. Burroughs
                                                         ALLISON D. BURROUGHS
                                                         U.S. DISTRICT JUDGE